UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Action No. 07-cr-00175-CMA-1

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

1.     ANDRE STANLEY,
       also known as Sincere,
       also known as Cere,

        Defendant.

---

## MOTION TO DETERMINE COMPETENCY

---

Defendant, Andre Stanley, by counsel, Martha H. Eskesen and Philip Cherner, moves the Court, pursuant to 18 U.S.C. § 4241, for the following: (a) a hearing to determine the mental competency of the defendant, (b) a psychiatric or psychological examination of the defendant be conducted, and (c) a psychiatric or psychological report be filed with the court pursuant to the provisions of 18 U.S.C. § 4247(b) and (c). The grounds for this motion are as follows:

    1.    Undersigned counsels state there is reasonable cause to believe Mr. Stanley may be presently suffering from mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and/or to assist properly in his defense.

    2.    A defendant who is not competent may not be subject to a trial. <u>Drope v. Missouri v. United States</u>, 420 U.S. 162, 171-172 (1975).

3. A competency determination is a three step process as described in <u>United States v. Deters</u>, 143 F.3d 577, 579-80 (10th Cir. 1998). First, if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent," the court may order a psychiatric or psychological examination of the defendant. 18 U.S.C. § 4241(a). Second, the court uses the psychological report and conducts a hearing to determine whether the defendant is competent. If the defendant is not found to be competent, the court must order the defendant hospitalized for up to four months to determine whether the defendant will become competent in the foreseeable future. The court may order additional hospitalization if it finds there is a substantial probability that within the additional time, the defendant will become competent. <u>See</u> <u>id</u>. § 4241(d). Third, after the specified period of confinement has expired, the court must determine whether the defendant is competent and ready to stand trial. If still not found to be competent, the defendant must be released unless the court finds that he presents a substantial risk of harm to others. <u>See</u> <u>id</u>. § 4241(d), 4246; <u>United States v. Steil</u>, 916 F.2d 485, 486-87 (8th Cir. 1990).

4. Undersigned counsels are raising the issue of the defendant's competency (a) reluctantly because of the numerous delays that have already occurred in this case; and (b) over Mr. Stanley's objection. However, when counsel has evidence that the defendant may be incompetent, the defendant's counsel has a professional and ethical duty to raise the issue of competency. *United States v. Boigegrain,* 155 F.3d 1181, 1188 (10th Cir. 1998).

5. Counsels have fully investigated facts and circumstances related to this motion and have significant medical evidence that Mr. Stanley may well be incompetent to proceed. Thus, counsels have a professional and ethical duty to raise the issue of competency. *See, id.* at 1188.

6. This motion is not sought for purposes of delay, nor is this motion necessary due to procrastination, bad planning or bad faith on the part of Mr. Stanley or Mr. Stanley's attorneys, but rather, a hearing to determine Mr. Stanley's mental competency is necessary to insure that he is able to fully understand the nature and consequences of the proceedings against him and/or to assist properly in his defense.

WHEREFORE, the defendant requests the Court grant this motion and enter an Order setting and requiring (a) a hearing to determine the mental competency of the defendant, (b) a psychiatric or psychological examination of the defendant be conducted, and (c) a psychiatric or psychological report be filed with the court pursuant to the provisions of 18 U.S.C. § 4247(b) and (c).

Dated: March 30, 2009                    MARTHA H. ESKESEN, P.C.

s/ Martha H. Eskesen
Martha H. Eskesen
1720 South Bellaire Street, Suite 804
Denver, Colorado 80222
Telephone:    (303) 874-5160
Facsimile:    (303) 573-4921
Email:        meskesen@eskesenlaw.com
*Counsel for Andre Stanley*

s/ Philip Cherner  
Philip A. Cherner  
789 Sherman Street, Suite 660  
Denver, Colorado 80203  
Telephone: (303) 860-7686  
Email: phil@philcherner.com

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on March 30, 2009, I electronically filed the foregoing **MOTION TO DETERMINE COMPETENCY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Susan Knox, AUSA  
**Susan.Knox@usdoj.gov**

Guy Till, AUSA  
**Guy.Till@usdoj.gov**

Greg Rhodes, AUSA  
**Greg.Rhodes@usdoj.gov**

And I hereby certify that I have mailed or served the foregoing document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc) indicated by the non-participant's name:

Andre Stanley           By U.S. Mail  
Denver County Jail  
P.O. Box 1108  
Denver, CO 80201

MARTHA H. ESKESEN, P.C.

s/ Martha H. Eskesen  
Martha H. Eskesen  
1720 South Bellaire Street, Suite 804  
Denver, Colorado 80222  
Telephone: (303) 874-5160  
Facsimile: (303) 573-4921  
Email: meskesen@eskesenlaw.com