IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 07-cr-00175-CMA-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ANDRE STANLEY,
a/k/a/ Sincere,
a/k/a Cere,

    Defendant.

---

**ORDER REGARDING GOVERNMENT'S *JAMES* SUBMISSION**

---

### I. BACKGROUND

On January 29, 2009, the Government filed its *James* Submission where it identified 36 tape recorded telephone conversations which it asserts are admissible as co-conspirator statements in Defendant's trial pursuant to Fed. R. Evid. 801(d)(2)(E). In its *James* Submission, the Government contended:

1. that it would show that Defendant was a knowing participant in a narcotics distribution conspiracy with four other parties, Baylin Kyle, Charles Littlejohn, Derrick Griffie, and Cameo Banks (Doc. # 372, p.12);

2. that "the conspiracy functioned as a 'spoke-wheel' type of conspiracy, with [Defendant] generally in the hub of the wheel," *i.e.*, with other members of

the conspiracy connected to Defendant and to each other (Doc. # 372, p.13);

3. that the "basic objective of the conspiracy was to make money by distributing crack cocaine for profit" (Doc. # 372, p.13);

4. that the four other parties, Baylin Kyle, Charles Littlejohn, Derrick Griffie, and Cameo Banks worked together to acquire kilogram quantities of cocaine and prepare large quantities of crack cocaine for redistribution (Doc. # 372, p.13);

5. that "in the early winter of 2007, [Defendant] received multiple ounce quantities of crack cocaine from Charles Littlejohn (Doc. # 372, p.13);

6. that on February 25, 2007, Defendant "provided Baylin Kyle with an "SKS" rifle and ammunition in exchange for an ounce of crack cocaine" (Doc. # 372, p.13);

7. that on March 25, 2007, Defendant provided the phone, car, and the contacts with the source of supply so that another person could buy approximately three quarters of an ounce of crack cocaine from Cameo Banks for $325 (Doc. # 372, p.14-15);

8. that on March 25, 2007, Defendant called Charles Littlejohn "to complain about [the car referenced in paragraph 7 above] being stopped and towed, and to ask for a quantity of crack cocaine that [Defendant] could sell to raise money to get [the car] out of the impound lot" (Doc. # 372, p. 15).

On February 25, 2009, Defendant filed his response to the Government's *James* Submission contending that the Government had not established all the essential elements of a conspiracy involving Defendant and, thus, all the proposed co-conspirator statements presented in the government's submission were inadmissible hearsay. (Doc. # 407) In particular, Defendant asserted "the government's evidence does not establish a single conspiracy. If anything, with respect to the drug conspiracy, the evidence establishes the existence of multiple buyer-seller relationships with only one common element – the participation of defendants Charles Littlejohn and Baylin Kyle in each relationship. Contrary to the government's assertion, [Defendant] was not at the hub of the wheel nor were other members of the conspiracy connected to him." (Doc. # 407, ¶ 9) Defendant also objected to the fact that the Government provided the Court with only summaries of the statements as interpreted by the government, as opposed to the actual transcripts of the phone calls. (Doc. # 407, ¶ 13) On March 5, 2009, Defendant filed a Supplement to Response to the Government's *James* Submission pursuant to which he set forth specific objections to many, but not all, of the proffered co-conspirator statements. (Doc. # 432)

At the request of the Court, the Government submitted copies of the actual transcripts of the statements. A three-hour evidentiary hearing to address the issues raised by the *James* Submission was held on March 16, 2009.

On March 18, 2009, the Government submitted an Amended *James* Submission pursuant to which it reduced to thirty the number of co-conspirator statements it sought

to introduce. (Doc. # 454)  On March 20, 2009, the Government also submitted a Memorandum to Clarify the Andre Stanley Conspiracy to Distribute Crack Cocaine and Preliminary Offer of Proof.  (Doc. #457)

## II.  ANALYSIS

The Court finds the existence of three smaller conspiracies, as opposed to one large one, as the Government argues.  First, with respect to Call ## 1799, 1802, 1816, 1817, 1820, 1821, and 1826, all of these took place on February 25, 2007, and related to an alleged conspiracy pursuant to which Defendant agreed to sell an SKS rifle to Baylin Kyle.  At the *James* Hearing, the Government submitted adequate evidence to establish that this conspiracy existed; that the declarants, Cameo Banks, Charles Littlejohn, and Derrick Griffie, and the defendant were all members of the conspiracy; and that the statements were made in the course and in furtherance of the conspiracy. As such, these statements qualify for admission as co-conspirator statements under Fed. R. Evid. 801(d)(2)(E).  In addition, Defendant's statements in 1799 are also admissible as admissions under Fed. R. Evid. 801(d)(2)(A).  *United States v. Mayes*, 917 F.2d 457, 463 (10th Cir. 1990); *United States v. Coppola*, 479 F.2d 1153 (10th Cir. 1973).

Second, the Government submitted adequate evidence to establish that an ongoing conspiracy existed between Defendant and Charles Littlejohn pursuant to which Defendant purchased crack cocaine from Charles Littlejohn.  Therefore, the following calls between Charles Littlejohn and Defendant, all of which involve statements made in the course and in furtherance of this conspiracy, qualify for admission both as admissions of a party pursuant to Fed. R. Evid. 801(d)(2)(A) and

4

as co-conspirator statements under Fed. R. Evid. 801(d)(2)(E): Call ## 242, 1544, 1623, 1627, 1963, 2522, 2841, 2842, 2844, 2845, 2846, 2854, 3548, 3600, 4126.

Call # 3923 does not involve statements made in the course of and in furtherance of the conspiracy so those statements do not qualify for admission as co-conspirator statements under Fed. R. Evid. 801(d)(2)(E). However, the statements in Call # 3923 are admissible as admissions of a party pursuant to Fed. R. Evid. 801(d)(2)(A).

Finally, the Government submitted adequate evidence to establish that a conspiracy existed between Defendant, Harry Morgan, Charles Littlejohn, and Cameo Banks relating to the purchase of crack cocaine from Cameo Banks on March 25, 2007. Therefore, the following calls, all of which involve statements made in the course and in furtherance of this conspiracy, qualify for admission as co-conspirator statements under Fed. R. Evid. 801(d)(2)(E): Call ## 4085, 1263, 1264.

The Court need not decide whether Call ## 1781 and 4126 qualify for admission as co-conspirator statements under Fed. R. Evid. 801(d)(2)(E). The statements in Call ## 1781 and 4126 are admissible as admissions of a party pursuant to Fed. R. Evid. 801(d)(2)(A).

The statements made during three of the proffered calls are inadmissible hearsay. Call # 4077 does not involve a conversation with a co-conspirator and thus is not admissible as a co-conspirator statement under Fed. R. Evid. 801(d)(2)(E). The lone declarant in Call # 4077 is identified as Harry Morgan. The Government did not represent to the Court that it would call Harry Morgan to testify; thus, this statement is inadmissible under the Sixth Amendment. In addition, the Government did not submit

5

adequate evidence to establish that Defendant was a member of the larger drug conspiracy among Baylin Kyle, Charles Littlejohn, Derrick Griffie, and Cameo Banks. Therefore, Call # 471, which does not relate to the three conspiracies identified above, is not admissible as a co-conspirator statement under Fed. R. Evid. 801(d)(2)(E). Finally, Call # 1568 is inadmissible because the voice on that call belongs to an unidentified female who was not shown to be part of any of the three identified conspiracies.

DATED: March __31__, 2009

BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge