**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Action No. 07-cr-00175-CMA-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ANDRE STANLEY,
a/k/a/ Sincere,
a/k/a Cere,

    Defendant.

**ORDER REGARDING MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL**

This matter is before the Court on Defendant's Motion for Judgment of Acquittal or, in the Alternative, a New Trial (Doc. # 609) and Defendant's Objection and Memorandum in Support of Defendant's Objection to Allen Charge (Doc. # 601). The Government responded to each. (Doc. ## 610 and 614.)

### I. ANALYSIS

**A.    Motion For Judgment Of Acquittal Or, In The Alternative, A New Trial**

A jury found Defendant guilty of six counts related to drug trafficking: four under 21 U.S.C. § 843(b) for using a telephone to facilitate a felony drug offense and two under 21 U.S.C. § 841(a)(1) for possession of crack cocaine with intent to distribute. (Doc. ## 195, 599-2).

Citing to Federal Rules of Criminal Procedure 29(a) and 33, Defendant now moves for judgment of acquittal on the guilty counts or, in the alternative, a new trial.

**1.    Rule 29(a)**

Rule 29(a) states that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction . . ." Fed.R.Crim.P 29(a).  "Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the government, a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Willis*, 476 F.3d 1121, 1124 (10th Cir. 2007).

### *a)    Unlawful Use of Communications Facility – Counts 3, 4, 7, and 10*

The jury found Defendant guilty of Counts Three, Four, Seven, and Ten for using a communications facility, i.e., a telephone, to commit or facilitate the commission of a felony drug offense, in violation of 21 U.S.C. § 843(b).  As to Counts Seven and Ten, the jury found Defendant guilty as an aider and abetter under 18 U.S.C. § 2.  (Doc. # 599-3.)

More specifically, Counts Three and Four charged "[t]hat the defendant knowingly used the telephone with number 720-404-7260 listing to C. Thomas . . . with the intent to commit, cause or facilitate the commission of a drug felony, namely knowing possession with intent to distribute . . . 'crack cocaine.'  Count Three alleged a violation on or about March 3, 2007, at approximately 7:52 p.m.  Count Four alleged a

violation on March 19, 2007, at approximately 12:04 p.m." (Doc. ## 195 at 2, 3; 599-2 at 25, 31.)

Count Seven also charged Defendant with aiding and abetting under 18 U.S.C. § 2, which provides that "[w]hoever commits an offense . . . or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal." Thus, the jury could find – and here did find – Defendant guilty of violating 21 U.S.C. § 843(b) if he intentionally helped someone else to commit or facilitate the commission of a felony drug offense. Count Seven alleged this happened on or about March 25, 2007, at approximately 12:52 p.m. (Doc. ## 195 at 5; 599-2 at 25, 31.)

Count Ten also included aiding and abetting and charged Defendant with facilitating a different drug offense than that charged in Counts Three, Four, and Seven. The latter counts charged Defendant with facilitating the commission of possession with intent to distribute. Count Ten charged that "on or about March 25, 2007, the defendant knowingly used the telephone with number 720-404-7260 listing to C. Thomas . . . with the intent to commit, cause or facilitate the commission of a drug felony, namely **conspiracy** to knowingly possess with intent to distribute a quantity of . . . 'crack cocaine.'" (Doc. # 599-2 at 26.)(emphasis added).

Defendant argues that Count Ten must be over-turned for inconsistency in the verdict. As Defendant concedes, however, mere inconsistency in verdicts is not a basis for judgment of acquittal. *See United States v. Powell*, 469 U.S. 57 (1984). Even if it were, the "inconsistency" Defendant asserts – as shown below – is not absolute; it depends on one's point of view.

3

The inconsistency, as Defendant sees it, was that "the jury found Defendant not guilty of [Count Eleven], conspiracy with intent to distribute crack cocaine, yet found him guilty of using a communications facility to commit conspiracy to possess with intent to distribute crack cocaine [Count Ten]."[1] At first blush this statement, if accurate, appears to present an inconsistent rendering of verdicts.

There are, however, a couple of problems with Defendant's characterization. First, the jury could have determined that the conspiracy charged in Count Ten represented a different conspiracy than that charged in Count Eleven. A conspiracy is broadly defined as "an agreement between two or more persons to accomplish an unlawful purpose." (Doc. # 599-2 at 27.)  Defendant himself argues in favor of a conspiracy, just not one involving himself. (Doc. # 609 at 8, "The government's evidence established that there was a conspiracy involving Courtney McCoy and his people, including Charles Littlejohn, Baylin Kyle, and Cameo Banks.") If the jury found the conspiracy in Count Ten to differ from that alleged in Count Eleven, its verdicts of guilty in Count Ten but not guilty in Count Eleven would be consistent.

In addition, Defendant's "inconsistency" argument suggests that Defendant's guilt under Count Ten was predicated on the jury finding that **he** – not others – used the telephone to **commit** – not facilitate - the crime of conspiracy. However, this argument is unavailing. First, to be guilty under Count Ten, Defendant need not have been part of the underlying felony drug offense – conspiring to possess crack cocaine with intent to

---

[1] Defendant wrote "Count Nine" in his motion. The Court assumes that was a mistake, given that the referenced "phone conviction" is Count Ten. Count Nine charged Defendant with possession with the intent to distribute.

distribute – he need only have committed *or facilitated* its commission.  Second, because of the inclusion of the aiding and abetting charge, Defendant's guilt need not have been predicated on his actually placing the call.  To be guilty, he need only have intentionally helped another to facilitate the conspiracy.

The evidence offered in support of Count Ten was sufficient to sustain Defendant's conviction.  The evidence showed that a number of phone calls were made from the phone used by Defendant to Charles Littlejohn, a convicted crack cocaine dealer who testified at trial against Defendant.  In some of these calls, the caller was not Defendant.  Rather, the caller was a person named Harry Morgan.  In one call, Mr. Morgan referred to Defendant as "my brother Sincere."  (*See* Call ## 4085, 1263, 1264.)  The content of the calls – which were admitted into evidence and played in open court – revealed that Mr. Morgan and, in one call, Defendant, sought to purchase crack cocaine from Mr. Littlejohn.  The jury, after listening to these phone calls, all of which suggested drug transactions, could have concluded, and here did conclude, that Defendant aided and abetted the crime of committing or facilitating the commission of conspiracy to possess crack cocaine with the intent to distribute it.

With respect to Counts Three, Four, and Seven, the evidence was also sufficient to sustain Defendant's convictions.  F.B.I. Special Agent Todd Wilcox testified regarding the dates and times of the at-issue phone calls.  He also linked the phone used to Chantae Thomas, which the evidence established was Defendant's girlfriend or wife.  As with the others, the phone calls were recorded by police, and the recordings were admitted and played aloud during trial.  The contents of these recordings reflected use of a cell phone to facilitate the commission of felony drug transactions.

Mr. Littlejohn also testified with respect to each of the telephone counts. He identified himself as one of the speakers and Defendant as the other speaker on two of the calls. The recordings of the phone calls reflected a conversation relating to facilitation of commission of a drug transaction, and Defendant was identified as a caller seeking to buy drugs. This evidence was sufficient to sustain a conviction with respect to Counts Three and Four.

With respect to the call reflected in Count Seven, Mr. Littlejohn testified that he received a phone call from a person he originally thought was Defendant but who turned out to be Mr. Morgan using the phone Defendant used to call Mr. Littlejohn. Although Mr. Morgan was the caller, Defendant was heard in the background encouraging what could be construed as a drug sale. The phone number for the phone which was used to make this call was the same number used by Defendant in previous calls to Mr. Littlejohn to purchase drugs. Thus, evidence was presented from which the jury could have found that Defendant "facilitated" a felony drug transaction. That is all that is needed. See *United States. v. Miles*, 772 F.2d 613, 615 (10th Cir. 1985) (The Court must "view the evidence in the light most favorable to the government, and then determine whether there is substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt.").

### b)   *Possession With Intent to Distribute - Counts 6 and 9*

Counts Six and Nine charged Defendant with possessing a controlled substance with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). Except for the time and date, these counts were identical: "[t]hat . . . the defendant knowingly or intentionally possessed cocaine base . . . with the intent to distribute it or did distribute it

. . ."  The charges in Count Six allegedly occurred on or about March 23, 2007, at the Pacesetter Motel.  Those in Count Nine allegedly occurred on or about March 25, 2007, in relation to a Chevrolet Caprice.  The jury found Defendant guilty on both Counts as an aider and abettor under 18 U.S.C. § 2.  (Doc. # 599-3.)

With respect to Count Six, Colorado state employee Ms. Kathryn Engle testified that she and local police visited the Pacesetter Motel on or about the charged date to contact Defendant.  Defendant was not present at the Pacesetter Motel during that visit by local police.  However, Defendant's girlfriend, Ms. Thomas, was present and found to be in possession of a quantity of crack cocaine.  Furthermore, Mr. Littlejohn testified that Defendant called him [subsequent to Ms. Thomas' arrest] and told him he needed to buy some drugs because Ms. Thomas had all "the work" with her in the hotel. Mr. Littlejohn's testimony was supported by a recorded telephone conversation in which Defendant was heard saying to Mr. Littlejohn that "[Ms. Thomas] got caught with all the work."  Mr. Littlejohn explained that "the work" meant "dope."  In addition, another witness, Mr. Trinity Willis, testified that Defendant told him that Ms. Thomas had taken the fall for Defendant by saying that the "dope" was hers.  From this evidence, viewed in light most favorable to the Government, the jury might conclude that Defendant aided and abetted his girlfriend, Ms. Thomas, in possessing with intent to distribute the dope the police found on Ms. Thomas at the Pacesetter Motel.

With respect to Count Nine, the incident involving the Chevrolet Caprice, there was evidence of a phone conversation -- the one charged in Count Seven -- implicating Defendant's involvement in a drug sale.  Mr. Littlejohn testified that he received a phone call from a person he originally thought was Defendant but who turned out to be

Mr. Morgan using the phone Defendant always used to call Mr. Littlejohn.  Although Mr. Morgan was the caller, on the recording of this call, Mr. Morgan referred to himself as Defendant's brother and Defendant can be heard in the background encouraging what could be construed as a drug sale.  In addition, the Government introduced into evidence a surveillance videotape of the incident which showed Defendant pointing.  The jury could construe such pointing as Defendant's directing of Mr. Morgan to another man, Mr. Cameo Banks.  Mr. Banks testified that he made a sale of drugs to Mr. Morgan at that meeting.  In a phone call made later that day by Defendant to Mr. Littlejohn, after the Caprice had been pulled over by police and impounded, Defendant referred to crack cocaine being in the trunk of *his* car:  "my car is at the impound right now . . . the shit is in the trunk.  They didn't find nothing." (*See* Call # 4126.)

In addition, Mr. Trinity Willis, an inmate who had been incarcerated for a short time with Defendant, testified that, although Defendant complained he was misidentified by police as the person putting "dope" in the trunk [of the Chevy Caprice], Defendant also told Mr. Willis that  "a case come out of [his] car", the Chevy Caprice, and that Defendant was at the 7-11 where the transaction took place, to buy "dope."

From this evidence, viewed in light most favorable to the Government, a reasonable jury could conclude that Defendant aided and abetted others, namely, Mr. Morgan, to possess with intent to distribute the crack cocaine eventually found in the trunk of the Chevrolet Caprice.  In summary, the Court, after reviewing the evidence in light most favorable to the Government, finds the evidence sufficient to sustain convictions for Counts Three, Four, Six, Seven, Nine, and Ten.

**2.     Rule 33**

Defendant also moves for a new trial under Federal Rule of Criminal Procedure 33. The Court "should grant such a motion only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Cesareo-Ayala*, 576 F.3d 1120, 1126 (10th Cir. 2009) (internal citation and quotation marks omitted).

Defendant asserts four reasons supporting his contention that he is entitled to a new trial:

1. He was not afforded an opportunity to investigate and develop his claim that he was denied his Sixth Amendment right to a jury pool comprised of a fair cross-section of the community;

2. He was not afforded an opportunity to develop his claim of a violation of 28 U.S.C. § 1367;

3. The Court's Allen Charge undermined the integrity of the deliberation process; and

4. The jury's guilty verdicts go against the weight of the evidence and a new trial would be in the interest of justice.

As to his first argument, during jury selection Defendant orally moved the Court during trial to dismiss the indictment and/or stay the proceedings so that Defendant could investigate his contention that the jury pool did not represent a fair cross-section of the community because the jury pool contained no African-Americans. The Court heard argument on behalf of Defendant's motion and orally denied it.

"The Sixth Amendment guarantees a defendant the right to a jury pool consisting of a fair cross section of the community." *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) (citations omitted). However, "[a] defendant has no constitutional right to a jury composed in whole or in part of persons of his race." *Id.* (citing *Beachum v.*

*Tansy*, 903 F.2d 1321, 1331 (10th Cir. 1990).  To establish a violation of the fair cross section requirement, Defendant must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under-representation is due to systematic exclusion of the group in the jury-selection process.

*Id.*  (citing *Duren v. Missouri*, 439 U.S. 357, 364 (1979)).

Defendant has not provided any authority supporting his argument that this Court should have stayed the proceedings to allow him to investigate this claim, the Court stands by its earlier ruling and finds Defendant's argument unavailing as grounds for a new trial.

As to Defendant's second argument, the Court assumes Defendant's reference to section 1367 is an error.  Section 1367 is the statutory provision allowing courts to exercise supplemental jurisdiction in *civil* actions and has no application in criminal cases.  Indeed, the Court's jurisdiction over criminal cases is defined by an entirely separate title of the United States Code.  *See* 18 U.S.C. § 3231 (providing that "the district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States.").  Placed in context, the Court assumes defense counsel meant section 1867, which is a portion of Jury Selection and Service Act.  Defendant made this same argument during trial in relation to his Sixth Amendment "fair cross section" argument.  Having received no evidence in support of Defendant's argument nor citation to legal authority indicating the Court erred in denying Defendant's oral motion, for the reasons stated above, the Court declines to further consider this argument.

As to Defendant's third argument, the Court addresses the propriety of the Allen Charge in section B, below. Finally, as to Defendant's argument that he is entitled to a new trial because the guilty verdicts were against the weight of the evidence, the Court's Rule 29 analysis above demonstrates that such an argument is without merit.

**B.     Objection To *Allen* Charge**

Defendant also objects to the Court's *Allen* Charge, arguing it "can only be construed as coercive." (Doc. # 601 at 8.) "An *Allen* charge is a supplemental instruction given to the jury and designed to encourage a divided jury to agree on a verdict." *United States v. LaVallee*, 439 F.3d 670, 689 (10th Cir. 2006) (citation and quotation marks omitted). "When an Allen charge imposes such pressure on the jury . . . that the accuracy and integrity of their verdict becomes uncertain, it violates a defendant's right to due process and Sixth Amendment rights to an impartial jury trial and to a unanimous verdict." *Id.*

The Tenth Circuit evaluates Allen charges on a case-by-case basis considering, among others, the following four factors: the language of the instruction, whether the instruction is presented with other instructions, the timing of the instruction, and the length of the jury's subsequent deliberations. *LaVallee*, 439 F.3d at 689.

The Court gave the jury the following *Allen* Charge:

> THE COURT:  Ladies and gentlemen, I received a note from you all indicating that you are a hung jury.
>
> I need to impress upon you how important this case is. This is an important case. This trial has been expensive in terms of the time and effort on the part of everyone who has been involved, including yourselves. If you should fail to agree upon a verdict, we will have a hung jury, and the case will be left open and must be tried again. Obviously, another trial would only serve to increase the costs and the time that both

> sides have to incur, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried by you. It is your duty as jurors to consult with one another and deliberate with a view towards reaching an agreement if you can do so without violence to individual judgment.
>
> Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.
>
> In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.
>
> I'm going to let you go home at this time, but I am going–I'm not releasing you from your jury duty. I'm going to ask you to return on Monday morning and continue your deliberations with these additional comments in mind, to be applied and, of course, in conjunction with all the instructions that I have previously given to you.

Uncertified Realtime Transcript, Friday July 31, 2009, p. 11, line 15 - p. 12 line 19.

Applying the factors listed above -- the language of the instruction, whether the instruction is presented with other instructions, the timing of the instruction, and the length of the jury's subsequent deliberations – the Court finds its *Allen* charge was not unduly coercive. The Court did not single out jurors, *United States v. Zabriskie,* 415 F.3d 1139, 1147-48 (10th Cir. 2005), nor advise them that a hung jury was unacceptable, *Darks v. Mullin*, 327 F.3d 1001, 1014 (10th Cir. 2003). The Court did not fix a specific time limit for reaching a verdict, *see Goff v. United States*, 446 F.2d 623, 626 (10th Cir. 1971), and although it encouraged the jury to continue its deliberations, it also admonished them to not surrender their honest conviction or do violence to their individual judgment. *See United States v. McElhiney*, 275 F.3d 928, 943 (10th Cir. 2001) ("This court has never, at least not to our knowledge . . . approved of an *Allen*

charge that failed to incorporate an admonition regarding the juror's conscientiously held convictions.").

Although, the Court did read the instruction *after* having read the other instructions, in contravention to established advice from the Tenth Circuit. *McElhiney*, 275 F.3d at 942 ("this court has recommended that the instruction be incorporated with the other jury instructions-in other words, that it be given as part of the original jury instructions." However, doing so is not a *per se* rule. *United States v. Arney*, 248 F.3d 984, 988-89 (10th Cir. 2001). Given the cautionary language included in the instruction, the Court finds its *Allen* Charge was not unduly coercive.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1. That Defendant's Motion for Judgment of Acquittal or, in the Alternative, a New Trial (Doc. # 609) is DENIED;

2. That Defendant's Objection to the Allen Charge (Doc. # 601) is OVERRULED.

DATED: October __8__, 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

13