**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 07-cr-00175-CMA-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDRE STANLEY,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF
AN IMPOSED TERM OF IMPRISONMENT**

---

This matter comes before the Court on Defendant Andre Stanley's Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. # 711.) Defendant argues that provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, should be applied retroactively, reducing his 120-month sentence to a 77-97 month sentence. For the following reasons, this motion is DENIED.

## I. BACKGROUND

On August 3, 2009 Defendant was convicted of narcotics violations following a jury trial. The jury's verdict reflected that Defendant had distributed more than 5 grams but less than 20 grams of crack cocaine. (Doc. # 711 at 2.) Defendant was sentenced on October 19, 2009 to the statutory minimum mandatory sentence of 120 months.[1]

---

[1] In this case, the government had filed an information stating that the Defendant was subject to an enhanced sentence pursuant to 21 U.S.C. §§ 841 and 851 based on previous Colorado state felony drug crime convictions raising his five-year minimum mandatory sentence to a minimum of ten years.

## II. ANALYSIS

At the time of his offense, trial, and sentencing, Defendant's conduct was subject to the former provisions of the Controlled Substance Act, 21 U.S.C. § 841(b)(1), also known as the Anti-Drug Abuse Act of 1986. The prior terms of § 841(b)(1) mandated a five-year minimum sentence for the distribution of 5 grams or more of crack cocaine.[2]

Eventually, it became apparent that the 100:1 ratio resulted in unfair sentences. *Kimbrough v. United States*, 552 U.S. 85, 94 (2007) (describing the U.S. Sentencing Commission's findings that crack cocaine and powder cocaine have the same psychological and psychotropic effects). The *Kimbrough* Court also found that the 100:1 ratio produced disproportionately severe effects upon minority groups. Such disproportionate effects fostered "disrespect and a lack of confidence in the criminal justice system" because of a "widely held perception that [the law] promotes unwarranted disparity based on race." *Id.* at 98. In response to "sustained calls for change by scholars, practitioners, the United States Sentencing Commission, and even the President, Congress passed the Fair Sentencing Act of 2010." *Phillips*, 2011 WL 1361417, at *2.

The Fair Sentencing Act of 2010 ("FSA") aims to "restore fairness to Federal cocaine sentencing." Pub. L. No. 111-220, pmbl. The FSA reduced the crack to

---

[2] The Act equated 1 gram of crack cocaine with 100 grams of powder cocaine for purposes of sentencing and was "passed in response to increasing public fears about the nation's growing drug problem and a variety of since discredited concerns about the spread of crack cocaine." *United States v. Phillips*, No. 96-389, 2011 WL 1361417, at *2 (D. Colo. Apr. 11, 2011).

powder cocaine ratio from 100:1 to 18:1, *i.e.*, to trigger a mandatory minimum sentence of five years the Defendant must possess, distribute, dispense, create, and/or manufacture at least 28 grams of crack cocaine rather than the previous requirement of 5 grams.  Pub. L. No. 111-220 § 2(a) (codified at 21 U.S.C. § 841(b)(1)(B)(iii)).

Defendant argues that the 18:1 ratio should apply retroactively to his sentence because § 841(b)(1)(B)(iii) now requires possession of at least 28 grams of crack cocaine for imposition of the mandatory minimum sentence.  Although the Court is not without sympathy to Defendant's position in light of the new legislation, Defendant's motion must be denied because the Tenth Circuit has expressly held that the FSA does not apply retroactively and this Court is bound by that conclusion.  *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010).  Indeed, every circuit court that has addressed this issue has held that the FSA does not apply retroactively.  *Phillips*, 2011 WL 1361417, at *1 n.1 (collecting cases).

Defendant argues that congressional intent indicates that the FSA be applied retroactively.  (Doc. # 714 at 3.)  Defendant points to the FSA's stated purpose of restoring fairness to the federal cocaine sentencing and to Congress's order that the U.S. Sentencing Commission adopt the guideline amendments as soon as practicable as evidence of congressional intent. (Doc. # 714 at 4.)

The U.S. Supreme Court, however, has held that a repealed statute or section is not to be applied retroactively except "by express declaration or necessary implication." *Great N. Ry. Co. v. United States*, 208 U.S. 452, 465 (1908).  Although the Court finds

that Defendant's position is consistent with the FSA's stated purpose, this does not satisfy the burden of establishing retroactivity.  Necessary implication "means that Congress can pass a statute the effect of which is so completely inconsistent with the Savings Statute that a reviewing court must conclude, despite the absence of 'magical passwords,' that Congress did not intend the Savings Statute to apply."  *Phillips*, 2011 WL 1361417 at *2  (quoting *United States v. Santana*, No. 09-1022, 2011 WL 260744 at *17 (S.D.N.Y. Jan. 20, 2011)).

Defendant has failed to show that retroactivity is necessarily implied by the FSA. Defendant concludes that the Act's lack of provisions related to prospective sentences means that it should be interpreted to apply retroactively.  This is not sufficient to establish necessary implication because Congress could have expressly applied the FSA retroactively and declined to do so.

### III.  **CONCLUSION**

The Court acknowledges that Defendant falls into a category of unfortunate individuals who were sentenced under the 100:1 ratio prior to the enactment of the FSA. As the Senior Judge John L. Kane noted in a similar order, "this is neither fair nor just." *Phillips*, 2011 WL 1361417, at *2.  However, Defendant's arguments are more properly addressed to the legislative branch of government.  *See Warden, Lewisburg Penitentiary v. Marrerro*, 417 U.S. 653, 664 (1974) (punishment for federal crimes is a matter for Congress, subject to judicial veto only when the legislative judgment oversteps constitutional bounds).  Defendant has failed to demonstrate that the FSA

should be enforced retroactively by either express declaration or necessary implication.

Accordingly, Defendant's Motion (Doc. # 711) is DENIED.

DATED:  June   13  , 2011

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge