IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 07-cr-00175-CMA-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDRE STANLEY,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR
DISCLOSURE OF GRAND JURY MINUTES**

---

The matter is before the Court on Defendant Andre Stanley's Motion for Disclosure of Grand Jury Minutes (Doc. # 729). For the reasons discussed below, the motion is denied.

## I. BACKGROUND

After a jury convicted Defendant of drug trafficking in violation of 21 U.S.C. § 841(a), Defendant was sentenced to 120 months in prison. (Docs. # 627, 645.) Defendant timely appealed his conviction and sentence, and the Court's judgment was affirmed by the Tenth Circuit on September 17, 2010. (Doc. # 708.)

During pre-trial proceedings, then Chief Judge Lewis T. Babcock permitted the government to disclose transcripts of testimony before the grand jury to Defendant's counsel.[1] Defendant's counsel later requested the disclosure of additional grand jury transcripts, which Judge Babcock granted on February 4, 2008. Judge Babcock

---

[1] The case was reassigned to this Court on October 31, 2008. (Doc. # 324.)

directed that the copies of the grand jury transcripts be released to Defendant's counsel, subject to certain conditions. (Doc. # 171 at 2.) Specifically, Judge Babcock ordered that "copies of grand jury transcripts . . . shall remain in the personal control of counsel" and that such transcripts "shall not be entrusted to the defendant outside the presence of counsel." (*Id.*) Furthermore, Judge Babcock directed that "any grand jury transcripts . . . shall be delivered to the United States Attorney's Office after the conclusion of the case."[2] (*Id.*)

On January 9, 2012, Defendant filed the instant motion, asserting that the "grand jury minutes are needed" in order to prepare a habeas petition under 28 U.S.C. § 2255. The government responded on January 30, 2012. (Doc. # 732.)

## II. **ANALYSIS**

The Supreme Court has consistently recognized that the proper functioning of the grand jury system depends on the secrecy of grand jury proceedings. *See Douglas Oil Co. v. Petrol Stop Northwest*, 441 U.S. 211, 222 (1979); *accord United States v. Rockwell Int'l Corp.*, 173 F.3d 757, 759 (10th Cir. 1999). Thus, parties seeking disclosure of grand jury material must show "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Id.*

---

[2] Defendant appears to argue that he should be given the grand jury materials because Judge Babcock had already ordered the disclosure of such materials. However, Judge Babcock specifically ordered that the grand jury transcripts "shall not be entrusted to the defendant outside the presence of counsel." Thus, there is no merit to Defendant's contention that Judge Babcock ordered the government to give the grand jury minutes to Defendant.

Although Defendant does not explain with any particularity why he seeks the disclosure of the grand jury minutes, to the extent that he seeks to base his § 2255 petition on any errors in grand jury proceedings, such matters "cannot normally be raised in a § 2255 proceeding." *Little v. United States*, 524 F.2d 335, 336 (8th Cir. 1975). Absent extraordinary circumstances, errors in grand jury proceedings are rendered harmless by virtue of the petit jury's guilty verdict. *See United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1244-45 (10th Cir. 1996); *United States v. Mechanik*, 475 U.S. 66, 67 (1986) ("[t]he petit jury's verdict of guilty beyond a reasonable doubt demonstrates *a fortiori* that there was probable cause to charge the defendants with the offenses for which they were convicted."). Thus, Defendant has failed to show that the disclosure of the grand jury minutes would avoid a possible injustice or that his need for the materials outweighs the public's interest in secrecy. *See United States v. Rising*, 867 F.2d 1255, 1260 (10th Cir. 1989) ("A general claim that disclosure of Grand Jury transcripts will possibly reveal exculpatory evidence is not enough to demonstrate a 'particularized need.'").

Moreover, Defendant requests all of the grand jury materials and has not structured his request to cover only specific material needed. Given the fact that Defendant has neither demonstrated the need for the grand jury minutes nor tailored his request with any particularity, the Court must conclude that Defendant is embarking on an impermissible fishing expedition. *See United States v. Zhitlovsky*, No. 03-40032-01, 2003 WL 21939024, at *2 (D. Kan. July 29, 2003) (unpublished) ("a request to go fishing for useful material will not suffice.").

## III. CONCLUSION

Accordingly, it is ORDERED that Defendant's Motion for Disclosure of Grand Jury Minutes (Doc. # 729) be DENIED.

DATED:  February __24__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge